IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 1:17-00195-004

GEORGETTA KENNEY

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant's Motion for Judicial Recommendation Regarding 9-12 Months of RRC Placement. ECF No. 465. Defendant requests that the court make a recommendation to the BOP that she receive a placement of nine to twelve months in a Residential Re-entry Center ("RRC"). The government has not filed a memorandum opposing defendant's Motion. For the following reasons, the court **GRANTS** defendant's motion and issues a non-binding and advisory recommendation to the Bureau of Prisons ("BOP") that defendant be placed in a Residential Re-entry Center for the final twelve (12) months of her sentence.

**I. Factual and Procedural Background**

Defendant was charged in a 40-count indictment along with her husband and other members of her family. She was tried and convicted by jury on August 23, 2018, on seven counts, listed as follows: Arson Conspiracy, in violation of 18 U.S.C. § 844(m); Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h); Mail Fraud, in violation of 18 U.S.C. §§ 1341 and 1342;

Aiding and Abetting an Unlawful Monetary Transaction, in violation of 18 U.S.C. §§ 1957 and 1952; Mail Fraud, in violation of 18 U.S.C. § 1341; Money Laundering to Promote Scheme, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and Unlawful Monetary Transaction, in violation of 18 U.S.C. § 1957.

On December 20, 2018, this court sentenced defendant to 36 months of incarceration to run concurrently on all counts, a sentence below the Sentencing Guidelines calculation. See ECF No. 377. Defendant is currently serving her sentence at FPC Alderson in Alderson, West Virginia, and is slated to be released from prison on August 27, 2021.

On October 17, 2019, defendant, pro se, filed a Motion for Judicial Recommendation Regarding 9-12 Months of RRC Placement. ECF No. 465. Defendant requests that the court make a recommendation to the BOP that she receive a placement of nine to twelve months in RRC. She explains that RRC placement would help her successfully transition back into society and better enable her to secure gainful employment upon her release. Defendant notes that she has been enrolled in numerous classes offered at the prison, including those which relate to job skills and family and parenting dynamics. She also states that she has been working within the prison, and that she has maintained a clear conduct record while incarcerated and has no incident reports.

Defendant also submitted a letter to the court, filed on January 10, 2020, that informs the court that she is scheduled for her six-month team meeting with her case manager in February 2020. ECF No. 468. She submits that a potential RRC placement will likely be discussed at that meeting.

**II. Discussion**

A solid majority of federal district courts throughout the country, including courts in this circuit, have concluded that a sentencing court may make imprisonment placement recommendations on a defendant's post-sentencing motion. See United States v. Smith, 2019 WL 4016211, at *3 (W.D. Va. Aug. 26, 2019); United States v. Patterson, 2019 WL 127962, at *2 (E.D. Va. Jan. 8, 2019). Courts have drawn this conclusion from the Second Chance Act, which provides that, in designating the place of an inmate's imprisonment, the BOP shall consider "any statement by the [sentencing] court . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B).

Based upon this court's understanding of the nature of defendant's criminal conduct,[1] her positive track record during

---

[1] Similarly to the reasons why this court granted a variance and imposed a sentence below the Sentencing Guidelines – that defendant's role in the offenses was minor and she was largely roped into the criminal enterprise by her husband and family, and that defendant has good community ties and a history of charitable service – the court also here notes that the nature

3

her current term of incarceration,[2] and the benefits of RRC placement,[3] the court recommends that defendant receive a twelve-month RRC placement.  Furthermore, in addition to RRC placement being beneficial to the defendant, it will also serve the interests of the victims in this case, as a large amount of restitution is owed by defendant and her co-defendants.  RRC placement helps ease defendant's reintegration into the community and increases the likelihood that defendant will successfully retain gainful employment that will help her make financial restitution to the victims of her offenses.  Therefore, the court **GRANTS** defendant's Motion for Judicial Recommendation Regarding 9-12 Months of RRC Placement, and issues a non-binding and advisory recommendation to the BOP that defendant be approved for a twelve-month RRC placement.

  Importantly, any such recommendation a sentencing court makes regarding placement is not binding upon the BOP.  18

---

of defendant's criminal conduct and her personal characteristics support the court's recommendation for RRC placement.

[2] See supra (explaining good behavior and efforts to improve herself through enrolling in many classes available at the facility).

[3] See, e.g., Federal Bureau of Prisons, *Completing the transition*, https://www.bop.gov/about/facilities/residential_reentry_management_centers.jsp (last visited Jan. 10, 2020) ("Residential Reentry Centers provide programs that help inmates rebuild their ties to the community and reduces the likelihood that they will recidivate.").

U.S.C. § 3621(b); see also Patterson, 2019 WL 127962, at *2 (holding that a district court may issue a non-binding, strictly advisory recommendation regarding placement without running afoul of the limitations on modifying sentences set out in 18 U.S.C. § 3582 and Fed. R. Crim. P. 35).  In making the recommendation in this case that defendant receive a twelve-month RRC placement, this court wishes to reaffirm that the BOP is in a superior position to evaluate the extent, if any, to which defendant should serve all or part of the end of her sentence in an RRC.  The BOP has far more information than this court does about how defendant has done and is doing, and how she will likely do in the future.

 The Clerk is directed to send a copy of this Order to counsel of record, any unrepresented parties, and the Probation Office of this court.

It is SO ORDERED this 16th day of January, 2020.

                ENTER:

                */s/ David A. Faber*
                David A. Faber
                Senior United States District Judge