IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.   CRIMINAL ACTION NO. 1:17-00195-004

GEORGETTA KENNEY

### MEMORANDUM OPINION AND ORDER

Pending before the court is the government's Motion to Authorize Payment from Inmate Trust Account, (ECF No. 470), and defendant's letter-form motion to expedite the court's ruling on the government's motion.  (ECF No. 475.)  The government requests that this court enter an Order, pursuant to 18 U.S.C §§ 3613(a) and 3664(n), authorizing the Bureau of Prisons ("BOP") to turnover to the Clerk of Court all funds held in defendant's inmate trust account as payment for her restitution obligations. (Id.)  The defendant, proceeding *pro se*, has responded to the government's motion in a detailed letter to the court.  (ECF No. 471.)  Defendant explained the process by which the government had seized the funds from her inmate trust account, argued that she had been paying her minimum restitution payments as ordered by the court, and stated that her case manager encourages her to save money in preparation for her release and she had been following that guidance.[1]  (Id.)

---

[1] Defendant also expresses concern that a lien has been filed against her real property, and attaches a notice of that lien.

The court commends defendant for not being delinquent on her criminal assessment and restitution payments, and for engaging in financial planning in expectation of her release. However, for the following reasons, the court **GRANTS** the government's motion.

I.  Background

The defendant was convicted of seven counts: one count arson conspiracy, in violation of 18 U.S.C. § 844(m); one count money laundering conspiracy, in violation of 18 U.S.C. § 1956(h); one count wire and mail fraud, in violation of 18 U.S.C. §§ 1341 and 1342; one count aiding and abetting an unlawful monetary transaction, in violation of 18 U.S.C. §§ 1957 and 2; one count mail fraud, in violation of 18 U.S.C. § 1341; one count money laundering to promote a scheme, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and one count unlawful monetary transaction, in violation of 18 U.S.C. § 1957.  (ECF No. 458.) On June 26, 2019, this court sentenced defendant to a total of three years imprisonment and three years of supervised release.[2]

---

(See ECF Nos. 471 and 472-1.)  The court has received no filings indicating that the government has moved for execution of that lien, and so the court takes no position on that matter which is not currently before this court.

[2] On January 16, 2020, this court granted defendant's Motion for Judicial Recommendation Regarding 9-12 Months in a Residential Re-entry Center.  (ECF No. 469.)  Based on that Order, defendant has been recommended for twelve (12) months in a Residential Re-entry Center for the final twelve (12) months of her sentence,

(Id.)  This court also ordered defendant to pay a $700.00 special assessment and $578,147.44 in restitution, with the restitution amount owed jointly and severally with her co-defendants: Ricky Gleason (2:18-00036-01); Greg Lester (1:17-cr-00198-003); Dudley Bledsoe (1:18-00035-01); and James Edward Lester (1:17-0095-02).  (See id.)

According to the government, defendant to date has paid the special assessment and a total of $50.00 in restitution.  (ECF No. 470.)  The current balance owed for restitution is $573,027.44, with interest having been waived.  (Id.)  The defendant is currently in federal custody and is currently assigned to FPC Alderson in Alderson, West Virginia.  (Id.)  Due to circumstances created by the COVID-19 pandemic and BOP departmental guidance regarding compassionate release, the defendant's earliest release date has been revised to May 1, 2020.  (ECF No. 474.)

The government recently learned that defendant maintained substantial funds in her inmate trust account maintained by the BOP.  The government seeks entry of an order authorizing the BOP to turnover $1,324.25[3] of these funds as payment towards

---

and could be released from federal custody in August 2020.  (See ECF No. 470.)

[3] The court believes the correct amount sought by the government should be $1,304.25 and not $1,324.25.  The $1,304.25 amount is consistent with the amount in defendant's account that was

3

defendant's outstanding restitution.  (ECF No. 470-1.)  The government argues that the requested relief is appropriate in this instance where the defendant has accumulated significant funds in her inmate trust account yet has only applied $50.00 towards her restitution obligation.  (ECF No. 470.)  Also, the government contends that without this relief, defendant will have access to these funds, which would allow the defendant, or others, the opportunity to possibly dissipate, conceal, or transfer funds without first paying restitution.  (Id.)

**II. Analysis**

The purpose of an inmate trust account is to allow the BOP to maintain inmates' monies while they are incarcerated, including monies received by the inmate from prison employment and outside sources.  See 28 C.F.R. §§ 506.1, 545.11.  Family, friends, or other sources may deposit funds for the benefit of the inmate into these accounts.  28 C.F.R. § 506.1.  Deposits intended for the inmate's account must be mailed directly to the BOP's centralized commissary account.  28 C.F.R. § 540.23.

Pursuant to 18 U.S.C. § 3613, the government may enforce criminal monetary penalties, such as restitution and criminal fines, "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law."

---

removed pending this court's order, as provided by documents defendant provided.  (See ECF No. 471-1.)

18 U.S.C. §§ 3613(a),(f). The statute also provides that a sentence imposing restitution constitutes a lien in favor of the government against all of a defendant's property and rights to property. 18 U.S.C. § 3613(c). Thus, the government's lien would attach to defendant's interest in funds held by the BOP in his inmate trust account. See also 18 U.S.C. § 3613(a) (government enforces fines and restitution against all non-exempt property and rights to property of the defendant); 18 U.S.C. § 3664(m) (government may use all available and reasonable means to collect restitution).

It is true that inmates have a property interest in their money. See, e.g., Jensen v. Klecker, 648 F.2d 1179, 1183 (8th Cir. 1981). To satisfy restitution requirements, however, courts in this circuit have authorized access to cash located in a defendant's inmate trust account. See, e.g., United States v. Hill, 2017 WL 2964016 (E.D.N.C. May 24, 2017), aff'd, 706 Fed. App'x 120 (4th Cir. 2017); United States v. Busack, 2016 WL 1559599 (N.D.W. Va. Apr. 18, 2016), aff'd, 670 Fed. App'x 810 (4th Cir. 2016).

Upon review of the government's motion, the court concludes that an order authorizing the turnover of defendant's property is appropriate here. The funds at issue currently are in the government's possession and the government has a valid lien over this property. Further, because the property at issue is cash,

5

it does not fall within any applicable categories of the exempt property that a defendant may claim in a criminal case. See 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases). Accordingly, defendant cannot properly claim that the funds held in her inmate trust account are exempt from payment of her outstanding restitution.

This Order granting the government's motion does not constitute a change to the payment terms set by this court at defendant's sentencing. Defendant is still required to pay the remainder of her restitution obligations at a minimum of $25.00 per quarter while she remains incarcerated; all that has changed is now her joint and several restitution obligation is reduced by the $1,304.25 taken from her inmate trust account and paid toward her restitution obligation.

**III. Conclusion**

For the foregoing reasons, the court **GRANTS** the government's motion. (ECF No. 470.) The court therefore **ORDERS** that the Bureau of Prisons is authorized to turnover to the Clerk of Court, and the Clerk of Court shall accept, all funds currently held in the trust account for the following inmate: Georgetta Kenney, Register No. 14782-088.[4] The Clerk shall apply

---

[4] According to the inmate trust account records for defendant in the court's possession, updated through January 28, 2020, (see ECF No. 471-1), and frozen thereafter, (see ECF No. 475), the

6

these funds as payment for the criminal monetary penalties and restitution owed by the defendant in this case.  The court also **DENIES as moot** defendant's motion to expedite.  (ECF No. 475.)

The Clerk is directed to send a copy of this Order to counsel of record, defendant, the Trustee at FPC Alderson, and the Probation Office of this court.

It is SO ORDERED this 22nd day of April, 2020.

ENTER:

David A. Faber
Senior United States District Judge

---

court believes this likely means that the BOP should turn over $1,304.25 to the Clerk of Court.